# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2279

_____

Wilson Smith,

        Plaintiff - Appellant,

v.

Archer Management Services, Inc.,

        Defendant - Appellee.

*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: April 11, 2005
Filed: April 20, 2005

_____

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Wilson Smith sued his former employer Archer Management Services, Inc. (Archer) under 42 U.S.C. § 1981, alleging racial discrimination, discrimination in discipline, retaliation, and wrongful discharge. Archer moved to dismiss or alternatively to compel arbitration based on an arbitration agreement in the employee handbook. The district court[1] granted the motion over Smith's objection and dismissed the case with prejudice, concluding that the arbitration agreement was valid and applied to Smith's claims. Smith appeals.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

At the start of Smith's employment, Archer held an informational meeting to introduce new employees to its policies and procedures. Archer's employee handbook was distributed at the meeting, and Smith signed the handbook's "Acknowledgment and Receipt" form stating that it was his responsibility to read and abide by its contents. The handbook includes a section requiring the employee and Archer to submit all employment disputes to binding arbitration. This arbitration clause follows the bold heading "Dispute Resolution Policy" at the top of the page and comprises two pages of the handbook.

Smith argued in the district court that the arbitration agreement was invalid and unenforceable because he entered into it under duress and because it was unconscionable. He now contends that the court erred by finding an enforceable agreement to arbitrate in the employee handbook when Missouri law does not consider employee handbooks to be contracts. Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662-63 (Mo. 1988). If his claims are determined to be covered by a valid arbitration agreement, Smith asks this court to reverse and remand with instructions to stay the proceedings pending the outcome of arbitration.

Archer argues that Smith did not raise his handbook argument in the district court and that it is not preserved for appeal. It contends that an agreement to arbitrate which is contained in a handbook is severable and enforceable under Missouri law, Patterson v. Tenet Healthcare, 113 F.3d 832, 835 (8th Cir. 1997), and the validity of an arbitration agreement is considered separately from the validity of the overall contract. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967). Archer adds that the agreement is not unconscionable or the product of duress.

Smith's only argument on appeal is that the arbitration agreement is unenforceable because it was contained in an employee handbook. He did not raise this argument in the district court, however, and he may not raise it for the first time

on appeal. <u>Gregory v. Honeywell, Inc.</u>, 835 F.2d 181, 184 (8th Cir. 1987). We have examined Smith's earlier arguments and conclude that they do not show reversible error.

Accordingly, we affirm the judgment of the district court.

_____